FILED

NOT FOR PUBLICATION

DEC 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIANO RAMIREZ-PABLO, | No. 10-72251 |
| Petitioner, | Agency No. A099-578-808 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Mariano Ramirez-Pablo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Ramirez-Pablo does not challenge the BIA's conclusion that he conceded his claim for asylum was time-barred. Accordingly, we deny his asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Ramirez-Pablo's written application of the assault and based on the inconsistency between his testimony and his application regarding whether his father was killed. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omission of incidents of arrest and mistreatment went to core of alleged fear); *Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). Further, the agency was not compelled to accept Ramirez-Pablo's explanations for these discrepancies. *See Zamanov*, 649 F.3d at 974. Accordingly, in the absence of credible testimony, Ramirez-Pablo's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ramirez-Pablo's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other

evidence in the record that would compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Guatemala. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**